WILLIAM S. JONES, Admr., etc., plaintiff in error, vs. SAMUEL D. LINTON, survivor of REESE & LINTON, defendant in error.

If goods are supplied to an administrator who represents estates which are two in law but one in fact, the creditor is not bound to show for which of the estates the goods were furnished.

In Equity. In Richmond Superior Court. Motion for New Trial. Decided by Judge HOOK. April Term, 1866.

Edmond Bowdrie, by his will dated in the year 1850, after giving off certain legacies to his grandsons, gave the residue of his estate, real and personal, in equal shares, to his wife and daughter. His daughter was the wife of John H. Trippe; and the title of her share was vested in him, in trust, for her sole and separate use. The testator directed that his property should all be kept together, unless his wife should consent to a division.

Of this will John H. Trippe was the qualified executor.

Martha Bowdrie, widow of Edmond Bowdrie, by her will, dated in the year 1853, gave off certain specific legacies, and then bequeathed the whole residue of her estate to trustees, in trust for the sole and separate use of her daughter, Mrs. Trippe, during her life, with remainder to her children.

Letters of administration on this estate, with the will annexed, were granted to John H. Trippe; so that he was the legal representative of both Edmond Bowdrie and Martha Bowdrie, and so continued until September, 1858, when, having been removed by the Court of Ordinary, he was succeeded in both trusts by Dr. Jones, the plaintiff in error, as administrator *de bonis non.*

Against Jones as such administrator, Reese & Linton filed their bill in equity, to collect a book account for advances and supplies furnished to Trippe, as was alleged, for the use of these estates, from the year 1855, to September,

1858.   The complainants were factors and commission mer-
chants in Augusta.

The essential allegations in the bill were, that the account,
although charged on the books of complainants to Trippe
individually, was, as to the larger part of it, really made with
him as executor and administrator of these estates; that the
estates got the benefit; and that of the portion of the account
chargable to them, the sum of $5,758.90 remained unpaid.

The answer disclaimed all knowledge of the true amount
or purposes of the account, but averred the defendant's
belief that much of it now claimed to have been made for
the estates, was for money expended by Trippe upon his saw
mill.   It set up a payment by Dr. Jones of $1,280.93, for
advances to Mrs. Trippe and family and on purchases made
for the use of the plantation in the year 1858, and averred
that this amount was all that the complainants claimed as
due them for such advances in that year, and it insisted that
defendant ought to pay nothing more.

The account itself, as annexed to the complaint's bill, con-
tained a credit of $671.75 for cash received from Dr. Jones.

The substance of the material evidence adduced at the
trial, besides the two wills above mentioned, was as fol-
lows: The books of complainants, and in connection with
these, the testimony of their clerk, who stated that for con-
venience, supplies for the plantations of Edward and Martha
Bowdrie, which Trippe represented, were charged in his
name, and that the money and supplies were furnished on
the understanding with Trippe that cotton from these plan-
tations was to be sent to complainants.   Witness was not
certain that none of the money and supplies went to Trippe
individually.   Many of the supplies were sent to Saw Dust,
near which were these plantations and Trippe's steam saw
mill.

*Robert P. Trippe* testified that, at an interview between
John H. Trippe, Dr. Jones, and several others, complainants
not being present in person or by counsel, the account of
complainants, as well as the vouchers of John H. Trippe,

was examined, and it was agreed that Dr. Jones would pay as much as $3,500 on this account. Witness thinks Dr. Jones had no information as to the correctness of the account, except what was given him by John H. Trippe.

*John K. Jackson* testified that, the agreement at this interview was, that Dr. Jones, on condition that John H. Trippe would convey certain property in trust for Mrs. Trippe, would make no further resistance to a decree in this case, as to any part of the account chargeable to the estates, after legal proof of the same; and that John H. Trippe failed to comply with the condition.

At the request of counsel for defendant in the bill, the Court charged the jury that the complainants could not recover unless they had shown that the balance of account claimed by them was furnished for the benefit of the estates, and not on John H. Trippe's individual account; that the money and supplies were furnished to Trippe whilst he was acting as executor and administrator, was not, by itself, sufficient evidence that they were furnished for the use of the estates, if, at the same time, under the same head of account, the complainants were furnishing money and supplies to Trippe individually; but the complainants must satisfy the jury by other evidence that the supplies now in question were furnished for the benefit of these estates.

Counsel for defendant requested the Court to charge further, that the accounts with the two estates must be kept separate, and that, to recover against Dr. Jones as representing both estates, proof must have been submitted, showing what proportion of money and supplies was furnished to one and what to the other, and the decree must go accordingly; which charge the Court gave after adding to it the words, " unless it is your opinion that the property was identical under both wills, and there was no separation or division of it."

The jury decreed for the complainants $3,568 90, with interest; and the defendant moved for a new trial on these grounds:

1. The verdict was contray to evidence and the principles of justice and equity.

2. The verdict was contrary to the charge of the Court.

3. The Court erred in adding to the charge as above set forth.

The Court refused a new trial, and this decision is complained of as erroneous.

STARNES, for plaintiff in error.

LALLERSTEDT, for defendant.

WALKER, J.

We think the Court did right to refuse a new trial in this case. The plaintiffs proved they had furnished the representative of these estates with the goods, etc., as charged. He had received them, and, it is to be presumed, did his duty by applying them to the purposes for which they were purchased. We think the testimony establishes the fact that Dr. Jones was satisfied that the trust estates ought to pay the amount for which the jury found in this case. We can discover no evidence in the record which goes to prove that any portion of the amount here allowed was properly chargeable to John H. Trippe individually. We think the case of Wyley, et. al. vs. Collins, et. al., 9 Ga. R., 223, authority sufficient to uphold and maintain the judgment rendered in this case. We think, therefore, the verdict was not only not contrary to evidence and the principles of justice and equity, but was in accordance with both evidence and law.

Nor do we think it devolved on the merchant to show how much of the goods, etc., were for the use of the several estates. The whole property, as we understand from the record, was kept undivided—the negroes worked in common, upon the land in common owned by the two estates : there was no division. Under this state of facts, how is it possible for

John H. Trippe even, much less the plaintiffs, to say or show how much of the amount was for the one or the other estate? Would a Court of Equity require the merchant who advances goods, money, etc., to the representative of two estates, to show how the representative applied those advances, and upon being unable to do so compel him to lose the amount advanced? We do not so understand the principles of equity. When the goods are furnished the representative of the estates, it then becomes a matter between him and the estates as to the application and use of them. We do not mean to say, that if the person furnishing goods for an estate were guilty of any fraudulent conduct, that it could not be inquired into and the rights of the estate protected. In this case we see nothing of the sort. We think the Court was right in overruling the motion for a new trial.

Judgment affirmed.